**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Eugene J. Cofsky, | ) | No. CV-07-8126-PCT-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al, | ) | |
| Respondents. | ) | |

The court has before it petitioner's petition for writ of habeas corpus (doc. 1), respondents' response (doc. 10), petitioner's traverse (doc. 14), the report and recommendation of the United States magistrate judge (doc. 21), petitioner's objections (doc. 24), and respondents' response to the objections (doc. 25).

Petitioner was found guilty by a jury of conspiracy to commit first degree murder and conspiracy to commit escape. He was sentenced to a term of life imprisonment with the possibility of parole after 25 years on the conspiracy to commit murder charge, and three years imprisonment on the conspiracy to commit escape charge. The Arizona Court of Appeals subsequently vacated his conviction and sentence for conspiracy to commit escape, concluding that he was improperly charged with multiple offenses arising from one conspiracy in violation of A.R.S. § 13-1003(C).

1    Petitioner argues in his habeas petition that (1) his right to due process was violated
2 because there was insufficient evidence to support his conviction for conspiracy to commit
3 first degree murder; (2) his constitutional rights to a fair trial and due process were violated
4 because an improper jury instruction lowered the State's burden of proof; (3) he was denied
5 his right to effective assistance of appellate counsel because counsel did not cite Evanchyk
6 v. Stewart, 202 Ariz. 476, 47 P.3d 1114 (2002), in support of his claim that insufficient
7 evidence supported his conviction; (4) his constitutional right to confront witnesses was
8 violated by the admission of out-of-court statements by a co-conspirator; and (5) his right to
9 due process was violated by the trial judge's failure to recuse himself.

10   In his first ground for relief, petitioner asserts that his right to due process was
11 violated because there was insufficient evidence to support the jury's verdict finding him
12 guilty of conspiracy to commit first degree murder. In particular, he contends that there was
13 insufficient evidence to establish that he agreed to participate in a plan that included first
14 degree murder. After an exhaustive review of the trial transcript, and based on evidence that
15 established petitioner's extensive participation in the conspiracy, the magistrate judge
16 concluded that sufficient evidence existed to support petitioner's conviction for conspiracy
17 to commit first degree murder. The judge found that petitioner has failed to establish that the
18 state courts' rulings rejecting his sufficiency of the evidence claim were either contrary to,
19 or based on an unreasonable application of, federal law, or involved an unreasonable
20 determination of the facts in light of the evidence presented at trial. See 28 U.S.C. § 2254(d).
21 After a *de novo* review, we agree with the magistrate judge's conclusion that sufficient
22 evidence existed to support petitioner's conviction. He is not entitled to habeas relief on
23 Ground One.

24   Petitioner next objects to the magistrate judge's conclusion that Ground Two is
25 procedurally defaulted, arguing that his "grounds for relief are intertwined" with his claims
26 under Grounds One, Three, and Six. Objection at 15. Based on our *de novo* review, we
27 agree that petitioner did not fairly present his claim to the state courts and therefore Ground
28 Two is procedurally defaulted and barred from federal habeas corpus review.

In his third ground for relief, petitioner argues that, pursuant to Evanchyk, 202 Ariz. 476, 47 P.3d 1114 (2002), his conviction for conspiracy to commit first degree murder is invalid, and that appellate counsel's failure to cite Evanchyk constitutes ineffective assistance of counsel.  We agree with the magistrate judge's conclusion that petitioner is not entitled to habeas relief because he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented at trial.  Evanchyk does not apply to petitioner's case because the State did not assert a felony murder theory of conspiracy.  Moreover, the jury was properly instructed on the elements necessary to find petitioner guilty of conspiracy to commit first degree murder based on a premeditation theory, as opposed to a felony murder theory.  Therefore, counsel's failure to cite Evanchyk does not constitute ineffective assistance.  Ground Three does not provide a basis for habeas relief.

Petitioner asserts in Ground Four that his constitutional right to confront witnesses was violated by the admission of out-of-court statements by a co-conspirator.  The magistrate judge concluded that the out-of-court statements were admissible because the statements were made in furtherance of the conspiracy.  Petitioner does not object to this conclusion and accordingly we accept the magistrate judge's recommendation that petitioner is not entitled to habeas relief on Ground Four.

In Ground Five, petitioner asserts that the trial judge's failure to recuse himself *sua sponte* violated his Fourteenth Amendment right to a fair trial and due process.  The magistrate judge rejected this ground for relief, concluding that the claim was not properly raised in state court and is therefore procedurally defaulted and barred from habeas review, and that, even when considering the merits of the claim, Ground Five does not entitle petitioner to habeas relief.  Petitioner does not object to this conclusion.  We accept the magistrate judge's recommendation that petitioner is not entitled to habeas relief on Ground Five.

1    In Ground Six, petitioner contends that his due process rights were violated by the
2 trial court's so-called Pinkerton jury instruction that "a conspirator is liable for all criminal
3 acts committed by a co-conspirator during and in furtherance of the conspiracy."  See
4 Pinkerton v. United States, 328 U.S. 640, 66 S. Ct. 1180 (1946).  He claims that this
5 instruction improperly lowered the State's burden of proof and allowed the jury to convict
6 him of conspiracy to commit first degree murder without finding that he had the requisite
7 intent to support a conviction for first degree murder.  Under Arizona law, a conspirator is
8 responsible for a co-conspirator's acts only if the conspirator is an accomplice or principal.
9 State ex rel. Woods v. Cohen, 173 Ariz. 497, 501, 844 P.2d 1147, 1151 (1992).  To be an
10 accomplice, a conspirator must aid, counsel, agree to aid, or attempt to aid in the commission
11 of the substantive offense–in this case first degree murder.  Id.

12    The magistrate judge first concluded that petitioner did not exhaust the claim raised
13 in Ground Six and that it is therefore barred from habeas review.  Petitioner did not object
14 to this conclusion and we accept the magistrate judge's conclusion.  Petitioner's request for
15 relief pursuant to Ground Six is procedurally defaulted and is therefore denied.

16    In addition, however, the magistrate judge rejected the claim asserted in Ground Six
17 on its merits.  Although the judge found that the Pinkerton jury instruction was improperly
18 given, he concluded that the instruction did not "so infect the entire trial" that petitioner's
19 conviction violated due process.  R&R at 78 (citing Estelle v. McGuire, 502 U.S. 62, 72, 112
20 S. Ct. 475, 482 (1991)).  We agree. Based on the jury instructions as a whole, the trial court
21 properly instructed the jury that to convict petitioner of conspiracy to commit first degree
22 murder, it could not merely find that he acted in furtherance of the conspiracy to commit
23 escape.  The court instructed the jury that it could only convict petitioner of conspiracy to
24 commit first degree murder if it found that petitioner agreed with at least one other person
25 that one of them or another person would commit first degree murder, and that he made the
26 agreement with the intent to promote or aid the commission of the crime of first degree
27 murder. (Doc. 10, exhibit Q at 123).  The jury was further instructed that it must consider
28 each charge against each defendant separately.  (Doc. 17, exhibit JJ at 16).  The magistrate

- 4 -

1 judge concluded that the jury instruction did not give rise to a due process violation because
2 there is "no 'reasonable likelihood that the jury has applied the challenged instruction in a
3 way' that violates the Constitution." R&R at 86 (quoting Estelle, 502 U.S. at 72, 112 S. Ct.
4 at 482). Finally, the magistrate judge concluded that even if the instruction did result in a due
5 process violation, the error was harmless because petitioner was not charged with any
6 substantive offenses, and therefore the Pinkerton instruction did not apply to him. For all of
7 these reasons, we conclude that petitioner is not entitled to habeas relief on Ground Six.

8 Based on the foregoing, we accept the report and recommendation of the magistrate
9 judge pursuant to Rule 8(b), Rules Governing § 2254 Cases.

10 **IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

11 DATED this 19th day of March, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge